**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER FERREIRAS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-cv-1686 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| CHCA NEDRA RICE-GREGO, et al. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Memorandum Opinion and Order Adopting
Report and Recommendation on Motion to Dismiss**

This case was originally referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 for the Local Rules for Magistrate Judges. On November 2, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 50) recommending that the Motion to Dismiss (ECF No. 41) filed by Medical Defendants Medlock and Cowden be granted in part and denied in part. The Magistrate Judge recommended that the Motion should be granted as to Plaintiff's claim of state law professional negligence and as to his claim that Defendants violated the American With Disabilities Act. The Magistrate Judge recommended that said claims be dismissed with prejudice. The Magistrate Judge recommended that the Motion be denied, without prejudice, as to Plaintiff's claim of deliberate indifference in violation of the Eighth Amendment and his claim that Defendants violated the Equal Protection Clause of the Fourteenth Amendment.

The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that registered EF user s

had until November 16, 2021 to file Objections, and Plaintiff, as an unregistered ECF user, had until November 19, 2021 to file Objections.  The Court granted Plaintiff's request for additional time to file his Objections, and his Objections were timely filed on November 22, 2019.  ECF. No. 53.  For the reasons that follow, after de novo review, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Plaintiff expresses disagreement with some of the factual background reported in the Report and Recommendation, but he does not present substantive objections supported with argument as to the Magistrate Judge's recommendations.  Instead, he objects to the recommendation to dismiss his state law professional claim for failure to provide a Certificate of Merit stating that if he is permitted sixty days, he will produce a Certificate of Merit in support of his claim.  In his Objections, he states:

> Pertaining to the Professional Negligence Claims against Defendants, I attempted to obtain a Certificate of Merit through the Doctor that works here at SCI-Albion. But the Doctor ultimately said No.  Recently my family has agreed to help me in obtaining a certificate of merit from a doctor to prove that the defendants' actions fell outside the standard of care. If I can be granted 60 days, a certificate of merit will be provided.

ECF No. 53, at 4.

The relevant history of Plaintiff seeking to assert a professional negligence claim is as follows.  The claim was first asserted in his original Complaint.  Defendants moved to dismiss the claim for failure to provide a Certificate of Merit.  In the June 7, 2021 Report and Recommendation addressing Defendants' first Motion to Dismiss, the Magistrate Judge recommended that the professional negligence claim be dismissed, without prejudice, for failure

to provide a Certificate of Merit pursuant to Pennsylvania Rule of Civil Procedure No. 1042.3(d).  ECF No. 30.  At that time, Plaintiff was told that a Certificate of Merit must accompany the assertion of a professional negligence claim if asserted in a future amended complaint.  Rep. & Rec., June 7, 2021, ECF No. 30. 21 n. 6.  Plaintiff expressly stated that he had no objections to the June 7, 2021 Report and Recommendation.  ECF No. 35.  This Court then adopted the Report and Recommendation on July 20, 2021 and dismissed the professional negligence claim without prejudice. Order adopting Rep. & Rec., July 20, 2021, ECF No. 36. Therefore, Plaintiff had until approximately September 18, 2021, to obtain a Certificate of Merit and file an Amended Complaint.  See ECF No. 36 and ECF No. 30, at 21 n. 6.  Instead, Plaintiff filed his Amended Complaint well before the sixty-day deadline[1] and expressly disclaimed the need for a Certificate of Merit, explaining that a Certificate of Merit was unnecessary because "the seriousness of my medical needs is apparent and obvious to lay people."  ECF No. 38, at 17. Defendants Medlock and Cowden therefore again moved to dismiss the professional negligence claim asserted in the Amended Complaint for failure to provide a Certificate of Merit.  In Response, Plaintiff repeated his position that "a certificate of merit is not necessary to prove that medical Defendants showed professional negligence towards the plaintiff's care and treatment." ECF No. 47, at 4.  In the alternative, he requested an additional sixty days to obtain a Certificate of Merit.  ECF No. 47, at 6.  ECF No. 50, at 17.

In addressing the request for additional time to obtain a Certificate of Merit, the Magistrate Judge acknowledged that Pennsylvania Civil Rule 1042.3(d) provides for an

---

[1]  Plaintiff first attempted to file his Amended Complaint on June 29, 2021, before this Court ruled on the initial Report and Recommendation.  See ECF No. 33 (now under seal).  After this Court issued its Order on July 20, 2021, the Clerk was directed to file Plaintiff's Amended Complaint on July 21, 2021.  ECF Nos. 37 & 38.  It should be noted that the Magistrate Judge explained to Plaintiff that an amended complaint would not be due util after the District Court issues a decision on the Report and Recommendation, but Plaintiff maintained his desire to file his late-June 2021 Amended Complaint as is.  See ECF Nos. 32, 35.

unlimited number of extensions of time to obtain a Certificate of Merit, so long as the requests are filed before the expiration of the prior extension and the plaintiff has shown good cause. ECF No. 50, at 17.  She then recounted the above history demonstrating that Plaintiff was actually informed that a Certificate of Merit was required if he wished to maintain a state professional negligence claim.  Further, Plaintiff demonstrated in his pleadings that he understood the requirement but believed he did not need one in his case.  The Magistrate Judge reasoned that in light of this history Plaintiff has not shown good cause as to why he needs an extension of time, and therefore recommended dismissal of the professional negligence claim with prejudice.

The Court agrees with the Magistrate Judge that Plaintiff has not shown good cause for an extension of sixty days to obtain a Certificate of Merit.  Significantly, when he was first informed that a Certificate of Merit was required to assert his claim, he declined to provide one based on his view of the facts of the case, despite the Pennsylvania Rule to the contrary, that he did not need one.  Thus, he did not ask for additional time to obtain a Certificate of Merit; which, at a minimum, would have shown that he understood that a Certificate of Merit was required if he wanted to maintain his claim.  Such conduct may have possibly formed the basis for a finding of good cause for additional extensions.  The Court overrules Mr. Plaintiff's Objection and denies his request for additional time within which to provide a Certificate of Merit.

Accordingly, the following Order is entered:

AND NOW, this 21st  day of December 2021, it is hereby ORDERED as follows:

The Magistrate Judge's Report and Recommendation, ECF No. 50, dated November 2, 2021, is adopted as the Opinion of the Court, as supplemented herein.

The Motion to Dismiss filed by Medical Defendants Rachel Medlock and Darla Cowden (ECF No. 41) is GRANTED in part and DENIED in part.

The Motion to Dismiss is GRANTED as to Plaintiff's Americans with Disabilities Act claims and Plaintiff's state professional negligence claims.  Plaintiff's Americans with Disabilities Act claims are dismissed with prejudice.  Plaintiff's state professional negligence claims are dismissed with prejudice.

The Motion to Dismiss is DENIED as to Plaintiff's deliberate indifference claims and Plaintiff's equal protection claims.

This matter is referred back to the Magistrate Judge for further proceedings.


 s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge


cc:    Christopher Ferreiras, pro se
       LG 4753
       SCI - ALBION
       10745 ROUTE 18
       ALBION, PA 16475
       (Via First Class Mail)