IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER FERREIRAS, | ) |
| | ) |
| Plaintiff, | ) 2:20-cv-1686 |
| | ) |
| v. | ) |
| | ) Judge Marilyn J. Horan |
| CHCA NEDRA RICE-GREGO, et al. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case was originally referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Rule 72 for the Local Rules for Magistrate Judges. On February 28, 2023, Judge Lenihan issued a Report and Recommendation, recommending that this Court grant in part and deny in part the Motions for Summary Judgment filed by the Department of Corrections Defendants (DOC) Defendants, (ECF No. 81), and by the Medical Defendants, (ECF No. 91). (ECF No. 111). The parties were informed that written Objections to the Report and Recommendation were due by March 14, 2023. (ECF No. 111). Plaintiff Christopher Ferreiras filed written Objections to Judge Lenihan's Report and Recommendation. (ECF No. 112). The DOC Defendants filed a notice that they are not intending to file a Response to Plaintiff's Objections. (ECF No. 113). As such, the Motions for Summary Judgment are ripe for this Court's determination.

After a thorough review of Judge Lenihan's Report and Recommendation, the Court concurs with the findings and conclusions reached by Judge Lenihan, and will further clarify Judge Lenihan's Report and Recommendation to (1) grant Medical Defendant Medlock's Motion for Summary for Judgment as to Plaintiff's Eighth Amendment deliberate indifference claim

1

against Medical Defendant Medlock, as regards the provision of latex gloves and (2) grant Medical Defendant Cowden's Motion for Summary Judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Medical Defendant Cowden, as regards her treatment of Plaintiff's urinary tract infections. Judge Lenihan's Report and Recommendation discussed how Medical Defendant Medlock's provision of latex gloves did not support a finding regarding Mr. Ferreiras' Eighth Amendment deliberate indifference claim. (ECF No. 111, at 63). Likewise, Judge Lenihan's Report and Recommendation discussed how Medical Defendant Cowden's treatment for Mr. Ferreiras' urinary tract infections did not support a finding regarding Mr. Ferreiras' Eighth Amendment deliberate indifference claim. (ECF No. 111, at 61-62). The Court agrees with Judge Lenihan's findings. Accordingly, Summary Judgment as to these claims is appropriate. However, as to other Eighth Amendment claims against each respective Medical Defendant, such Defendant's Motion for Summary Judgment will be denied. As such, the Court clarifies in this Opinion that said Motions for Summary Judgment by Medical Defendants Medlock and Cowden, regarding Medical Defendant Medlock's provision of latex gloves and Medical Defendant Cowden's treatment of Plaintiff's urinary tract infections, will be granted. The Court will otherwise adopt the Report and Recommendation as the Opinion of the Court. As such, the DOC Defendants' and Medical Defendants' Motions for Summary Judgment will be granted in part and denied in part.

I. Discussion

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Initially, the Court finds no error in the Magistrate Judge's application of the standard of law.

The Magistrate Judge found Mr. Ferreiras failed to exhaust his administrative remedies for his Eighth Amendment claims regarding Grievance No. 760823.  In his Objection, Mr. Ferreiras argues that he did not fail to exhaust his administrative remedies for such grievance because he did not receive a copy of DOC Defendant Capozza's denial of Grievance No. 760823 until after his deadline to respond had already passed.  (ECF No. 112, at 2).  As such, Mr. Ferreiras argues that his Eighth Amendment deliberate indifference claims against DOC Defendants Capozza, Wood, Randolph, and Jenkins should not be dismissed.  (ECF No. 112).

Mr. Ferreiras did not include such an explanation for his untimely submission of his appeal until he filed his written Objection to Magistrate Judge Lenihan's Report and Recommendation.  (ECF No. 112).  Mr. Ferreiras included no such explanation in his Brief in Opposition, (ECF No. 101), or within his Concise Statement of Material Facts, (ECF No. 102). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  As Mr. Ferreiras did not raise this argument for why he failed to exhaust his administrative remedies regarding his Eighth Amendment deliberate indifference claims until he filed his written Objections to Magistrate Judge Lenihan's Report and Recommendation, such Objection will therefore be overruled.

As the Court declines to overturn Magistrate Judge Lenihan's finding that Mr. Ferreiras failed to exhaust his administrative remedies in regard to Grievance No. 760823, his Objections to the dismissal of his Eighth Amended deliberate indifference claims against DOC Defendants Capozza, Wood, Randolph, and Jenkins, which are contained within said Grievance, will be likewise overruled.

## II.     Conclusion

Following a thorough review of Judge Lenihan's Report and Recommendation, the Court concurs with the findings and conclusions reached by Judge Lenihan, and will further clarify Judge Lenihan's Report and Recommendation to (1) grant Medical Defendant Medlock's Motion for Summary Judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Medical Defendant Medlock for provision of latex gloves and (2) grant Medical Defendant Cowden's Motion for Summary Judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Medical Defendant Cowden for her treatment of Plaintiff's urinary tract infections.  The Court will otherwise adopt the Report and Recommendation as the Opinion of the Court.  The DOC Defendants' and Medical Defendants' Motions for Summary Judgment will be granted in part and denied in part.

Specifically, the DOC Defendants' Motion for Summary Judgment will be granted as to:

- Plaintiff's Equal Protection claims against all DOC Defendants;

- Plaintiff's Americans with Disabilities Act claims against all DOC Defendants; and

- Plaintiff's Eighth Amendment deliberate indifference claims against DOC Defendants Capozza, Wood, Randolph, Brian, Jenkins, Burrie, and John Does 1 through 4.

The DOC Defendants' Motion for Summary Judgment will be denied as to:

- Plaintiff's Eighth Amendment deliberate indifference claims against DOC Defendants Brent, Rice-Grego, Bobeck, Carter, and Sanner.

The Medical Defendants' Motion for Summary Judgment will be granted as to:

- Plaintiff's Equal Protection claims against the Medical Defendants;

- Plaintiff's Eighth Amendment deliberate indifference claim against Medical Defendant Medlock regarding the provision of latex gloves; and

- Plaintiff's Eighth Amendment deliberate indifference claim against Medical Defendant Cowden regarding her treatment of Plaintiff's urinary tract infections.

The Medical Defendants' Motion for Summary Judgment will be denied as to:

- Plaintiff's Eighth Amendment deliberate indifference claims against the Medical Defendants regarding the provision of necessary medical supplies.

A separate Order to follow.

DATE: March 20, 2023

Marilyn J. Horan
United States District Judge

5